## THE STATE, Appellant, v. WOODWARD.

### Division Two, May 8, 1900.

**Attempt to Cheat and Defraud: SUFFICIENCY OF INDICTMENT: SEC. 3826.** Where by a fair and reasonable construction of the language of an indictment, defendant is notified that he is charged with attempting to obtain from a bank a certain sum of money by means of false representations and pretenses, and there can be no question that defendant may plead in bar whatever judgment may be rendered under such indictment, whether of acquittal or conviction, the indictment will be held sufficient to charge a crime under section 3826, Revised Statutes 1889.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The indictment follows the language of the statute, and properly charges the crime. That is all that is necessary. State v. McDaniel, 94 Mo. 301; State v. Kirby, 115 Mo. 44; State v. Bennett, 102 Mo. 356; State v. Anderson,

81 Mo., 78; State v. Noland, 111 Mo. 473.   This indictment
contains the proper recitals as required by law.   State v.
Vincent, 91 Mo. 662.   This indictment is sufficient to in-
form the defendant of the charge against him.   That is all
that is necessary if it is properly found, for the purpose of
the indictment is to inform the defendant of the charge
against him.   State v. Gamble, 108 Mo. 500; State v. Mor-
gan, 112 Mo. 202; State v. Jackson, 112 Mo. 585.   Failure
in the attempt is a necessary part of the proof, and is prop-
erly set out in the indictment.   State v. Crumb, 68 Mo. 206;
State v. White, 35 Mo. 500.   (2) The demurrer gives as a
reason for its existence that "the indictment states no offense
under the law."   That is the only question that can be
argued in this court or taken advantage of.   R. S. 1889, sec.
4112; State v. Allen, 50 Mo. 419; State v. Van Houten, 37
Mo. 357; State v. Marshall, 47 Mo. 378; State v. Paston, 63
Mo. 521.   The indictment sets forth all that is necessary to
be proved, and that is sufficient.   State v. Patterson, 73 Mo.
695.

*M. Arnold* for respondent.

BURGESS, J.—At the October term, 1899, of the cir-
cuit court of Scott county, defendant was indicted by the
grand jury of said county for an attempt to cheat and de-
fraud the Farmers Bank of Commerce of said county, of the
sum of forty dollars.

The indictment leaving off the formal parts is as fol-
lows:

"The grand jurors for the State of Missouri, duly im-
paneled, charged and sworn to inquire within and for the
body of Scott county and State of Missouri, upon their oath,
present and charge that Newt. J. Woodward, on the 24th day
of June, A. D. 1899, at the county of Scott and State of Mis-
souri, feloniously and designedly, with the unlawful and

felonious intent to cheat and defraud the Farmer's Bank of Commerce, a banking corporation duly organized under the laws of the State of Missouri, did unlawfully, falsely and feloniously, pretend and represent to the said Farmer's Bank of Commerce, that the signature, "Mrs. E. Woodward," then and there attached to a certain promissory note, which promissory note was payable to the said bank in the sum of one hundred dollars, and was to become due ninety days after the date of a loan to be granted by said bank, and which date was to be affixed to said note at the time said loan was made, and which promissory note he, the said Newt. J. Woodward, did then and there present to the said bank, and request of said bank that he, said Newt. J. Woodward, be granted a loan of forty dollars of the money of said bank, instead of the one hundred dollars, was the signature of the step-mother of him, the said Newt. J. Woodward, in accordance with an agreement and promise made by Wm. B. Anderson, president of said bank, to grant a loan of one hundred dollars of the money of the said bank, to the said Newt. J. Woodward, upon the condition that the step-mother of him, the said Newt. J. Woodward, would sign said promissory note for said sum of one hundred dollars; that said Wm. B. Anderson, as president of the said bank, had authority to grant said loan, and that the step-mother of him, the said Newt. J. Woodward, was solvent and responsible for said amount; whereas in truth and in fact the signature, "Mrs. E. Woodward," so attached to the promissory note aforesaid, was not the signature of the step-mother of him, the said Newt. J. Woodward, which truth and fact, he, the said Newt. J. Woodward, well and truly knew, by means of which false and fraudulent pretense aforesaid, the said Newt J. Woodward, did then and there unlawfully, fraudulently and feloniously attempt to obtain and receive from the bank forty dollars, of the value of forty dollars, of the money of the said

bank, with the unlawful and felonious intent then and there to cheat and defraud the said bank of the same. But he, the said Newt. J. Woodward, did then and there fail in the perpetration of said offense, crime and felony, against the peace and dignity of the State."

On October 23, 1899, defendant demurred to the indictment upon the ground, that it "states no offense under the law." The demurrer was sustained, and judgment rendered against the State for costs. The State appeals.

The section of the statute under which the indictment is drawn (section 3826, R. S. 1889) reads as follows: "Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any other person or persons, any money, property or valuable thing whatever, by means or use of any trick or deception, or false and fraudulent representation or statement or pretense . . . . . . shall be deemed guilty of a felony."

The constituent elements of a crime under this statute, are the intent to cheat and defraud, the attempt to obtain from another person or persons money or property by means or use of some trick or deception, or false and fraudulent representations or statements, or pretenses, and the failure in the perpetration of the offense; and, while the indictment is inartistically drawn, and contains much verbiage, it contains all the essential and necessary averments.

It charges that: "Newt. J. Woodward, on the 24th day of June, A. D. 1899, at the county of Scott, and State of Missouri, feloniously and designedly with the unlawful and felonious intent to cheat and defraud, . . . . did unlawfully, feloniously and falsely pretend and represent that . . . . was the signature of his step-mother. . . . by means of which false and fraudulent pretense aforesaid, the said Newt. J. Woodward did then and there unlawfully, fraudulently and feloniously attempt to obtain and receive of the said bank $40 of the value of $40 . . . . . . . with the unlawful and

State v. Woodward.

felonious intent then and there to cheat and defraud . . . . . . . did then and there fail in the perpetration of the said offense, crime and felony."

The rule is that the allegations with respect to the facts constituting the offense should be sufficiently specific to inform the defendant and the court of the nature of the crime charged, and to enable the defendant to plead in bar any judgment which may be rendered, to any subsequent prosecution for the same offense, and there can be no question but that defendant might plead in bar whatever judgment may be rendered in this case, whether of acquittal or conviction, to any subsequent prosecution for the same offense. By a fair and reasonable construction of the language of the indictment, defendant is notified that he is charged with attempting to obtain from the Farmers' Bank of Commerce, forty dollars by means of false representations, and pretenses, and to hold otherwise, would be not only to violate the ordinary rules of the construction of language but to "adhere to technicalities when they do not involve or contain principle" and under such circumstances are "empty and without reason, and tend to defeat law and right." [Wallace v. State, 2 Lea 35; Glidewell v. State, 15 Lea 135.]

While the unnecessary averments somewhat obscure the material allegations in the indictment, they do not render these averments nugatory or vitiate it. They may be disregarded as surplusage and sufficient remain to constitute an offense, and to inform the defendant of the nature of the charge against him.

We therefore reverse the judgment and remand the cause. *Gantt, P. J.,* and *Sherwood, J.,* concur.