**STATE of Missouri, Plaintiff-Respondent,**

v.

**Clyde T. PATRICK, Jr.,
Defendant-Appellant.**

**No. 37916.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Brady, Brady & Devereaux, Walter L. Brady, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, William F. Arnet, Asst. Attys. Gen., Jefferson City, Joseph Aubuchon, Asst. Pros. Atty., Franklin County, Union, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Clyde T. Patrick, Jr. appeals from a conviction of the offense of attempt to obtain money by trick and false representation, § 561.450, RSMo. 1969. The jury fixed punishment at confinement in the County Jail for one year and a fine of $1,000.00, and judgment was entered. We affirm.

Defendant does not challenge the sufficiency of the evidence, so a brief statement of facts will suffice. An automobile was driven to the service station where defendant was employed. The shock absorbers and tires on this vehicle had been inspected immediately prior to the seven-mile trip to the service station, and were found to be in satisfactory condition. Defendant told the driver of the vehicle, a Missouri Highway Patrol employee, that "something was leaking." An investigator for the Franklin County Prosecuting Attorney's office was positioned nearby and observed defendant remove an object from his front pocket, place it inside the left front tire toward the shock absorbers of the automobile, then remove it from the tire and replace it in his pocket.

The automobile was lifted on a hoist and defendant informed the driver that the front shock absorbers had lost oil and needed replacement. Defendant checked the rear shock absorbers and told the driver they also needed replacement because they were hitting against rubber stops. Subsequently, all four shock absorbers were replaced at a cost of Eighty-seven Dollars and Fifteen Cents ($87.15).

Other evidence by a fellow employee revealed that defendant frequently sprayed brake fluid on the shock absorbers of out-of-state vehicles, and then told the drivers that the shock absorbers needed replacement. The defendant presented the testimony of the owner of an auto repair business who testified that he tested the "defective" shock absorbers and found one front shock absorber in poor condition.

On appeal, defendant contends that the indictment charging him was defective for failure to plead a confidential relationship or reliance by the driver of the automobile. The constituent elements of the crime of attempt to obtain money by trick or false representation are intent to cheat and defraud, the attempt to obtain from another person or persons money or property by means or use of some trick or deception or false and fraudulent representations or statements or pretenses, and the failure in the perpetration of the offense. *State v. Woodward*, 156 Mo. 143, 56 S.W. 880 (1900); *State v. Fletcher*, 512 S.W.2d 253, 255[2] (Mo.App.1974). In *State v. Thomas*, 438 S.W.2d 441, 444 (Mo.1969), the court added to the elements required in *State v. Woodward, supra*, the requirement that the indictment plead "overt acts looking to the consummation of the offense, * * *." See, also, *State v. Dinkins*, 508 S.W.2d 1, 4 (Mo.App.1974).

The indictment against defendant charges that:

" * * * the said Clyde T. Patrick, Jr., did then and there, willfully, unlawfully, feloniously and acting jointly and together with another with *the intent to cheat and* defraud Wilson Delano *did attempt to obtain* from Wilson Delano the sum of approximately Eighty-seven and 15/100 Dollars ($87.15) *by means of a trick and deception*, to-wit: squirting a fluid on the left front shock absorber of a car being driven by Wilson Delano and *by means of a false and fraudulent misrepresentation*, to-wit: that the shock absorbers on a car driven by Wilson Delano were *worn out* and needed replacing when in truth and in fact as the said Clyde T. Patrick, Jr., then and there well knew the shock absorbers did not need replacing, * * *." (Emphasis added).

Clearly, the indictment sufficiently alleges the constituent elements of the crime charged. The absence of an allegation that the attempt failed is not fatal. Such an allegation, although stating an element of the offense, need not be pleaded because the term "attempt" implies failure. *State v. Howell*, 318 Mo. 772, 300 S.W. 807, 810[1] (1927). Reliance and a confidential relationship need not be alleged for the crime of attempt to obtain money by trick or false representation in § 561.450, RSMo. 1969.

Defendant's second contention, that the prosecuting attorney withheld evidence that tended to negate defendant's guilt, will not be considered on review. Defendant's argument is totally lacking in specific transcript page references, contrary to Rule 84.-04(h); *Ward v. Johnson*, 480 S.W.2d 104, 107[8] (Mo.App.1972). It is not the responsibility of this court to sift through the transcript for supporting facts.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.