State v. Brannon.

STATE OF MISSOURI, Respondent, *vs.* CARROLL BRANNON and W. M. Pitts, Appellants.

1. *Practice, criminal—Verdict set aside—Prisoner held over—Final judgment.* —The action of the court in setting aside the verdict of the jury in a criminal proceeding, where the prisoner is held for another trial, is not a final judgment from which appeal will lie.

*Appeal from Henry Circuit Court.*

*Wilson, Smith & Johnson*, for Appellants.

I. The motion to discharge the defendant made in the Circuit Court, and overruled, was such a final judgment as could be brought here by appeal or writ of error. (State vs. Newkirk, 49 Mo., 472, and cases there cited.)

*H. Clay Ewing, Attorney General*, for Respondent.

I. There is no final judgment in this case, from which an appeal will lie.

WAGNER, Judge, delivered the opinion of the court.

In this case it is obvious there is no final judgment in the court below to support the appeal.

The indictment was found against the defendants for robbery in the first degree, and on a trial they were convicted by the jury of robbery in the second degree.

The jury were then discharged, and the court set aside the verdict, and held the prisoners for another trial. The defendants then filed their motion, praying the court to discharge them from custody on the ground that they had been acquitted of the charge of robbery in the first degree, the crime for which they were indicted. This motion was overruled, and the defendants appealed.

This action of the court was not a final judgment, and did not dispose of the case. It left the prisoners in the custody of the court, subject to its jurisdiction, to be further proceeded with.

In the case of the State vs. Newkirk, (49 Mo., 472,) it was held, that the discharge of a prisoner by the court was a final judgment, and an appeal or writ of error would lie therefrom.

But a discharge puts a final end to the proceedings. It sends the prisoner out of court, and leaves nothing for future action.

In the present case, the prisoners are still held in custody, and the case is still pending against them in court.

The court should not have received the verdict, it was not responsive to the indictment, and the jury should have been informed of that fact, with instructions as to their duty. But the case is not now before us.

The validity of the defendants' detention may be tested on a writ of *habeas corpus,* or if further proceedings are had and a final judgment taken, the question may be examined here on appeal.

The appeal must be dismissed. All the Judges concur.