THE STATE v. SHIELDS, *Appellant.*

89  259
136  69

Pleading, Criminal: INDICTMENT: CORPORATION: BURGLARY AND LARCENY. It is not necessary to the sufficiency of an indictment for burglary and larceny from a railroad depot that it should allege either that the owner of the property was a corporation, or that, as such, it was capable of owning property.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*J. D. Perkins* for appellant.

*B. G. Boone*, Attorney General, for the state.

The indictment, which is drawn under section 1298, Revised Statutes, is sufficient. It charges that the burglary was committed in a depot building of the Missouri Pacific Railroad Company in Jasper county. The ownership of the property burglarized, as well as that of the property stolen, are correctly pleaded. *Com. v. Williams,* 2 Cush. 582; *State v. Scripture,* 42 N. H.

485; *People v. McCloskey*, 5 Parker's Cr. C. 57; *State v. Rand*, 33 N. H. 216. In an indictment for burglary it was not necessary to allege that the Missouri Pacific Railroad Company was a corporation. *Vide* cases above cited. A breaking need not be of an outer door or window or wall of the building. If the thief enters through an outer door or window, or other aperture, not made by him, and breaks an inner door, wall or window, it is burglary at the common law, if not by statute. 2 East P. C. 488; Kelley's Cr. L., sec. 569; *State v. Scripture*, 42 N. H. 485. No error was committed during the trial. The instructions correctly declare the law applicable to this case.

NORTON, J.—At the March term, 1884, of the circuit court of Jasper county the defendant was tried and convicted of burglary and larceny, from which judgment of conviction he has appealed to this court, and the only question raised on the appeal is as to the sufficiency of the indictment, which, omitting the formal parts, is as follows: "That Sheridan Shields on the ——— day of ———, 1883, at the county of Jasper and state of Missouri, did then and there feloniously and burglariously break into and enter a depot building of the Missouri Pacific Railroad Company, there situate, the same being a building in which divers goods, merchandise and valuable things were then and there kept and deposited, with the intent the goods, chattels and valuable things in said depot building then and there being, then and there feloniously and burglariously to steal, take and carry away, and one pair of mens' pants of the value of ten dollars of the personal goods and chattels of W. H. Johnson, then and there in said depot building being found, did then and there feloniously steal, take and carry away," etc.

The indictment in question is framed on section 1298, Revised Statutes, which, among other things, pro-

vides, "that any person who shall be convicted of breaking and entering any shop, store    *   *   *    or other building   *   *   *   in which there shall be at the time some human being or any goods, wares or merchandise or other valuable thing kept or deposited, with the intent to steal, or commit any felony therein, shall on conviction be adjudged guilty of burglary in the second degree."

The specific objection made to the indictment is, that it neither alleges that the Missouri Pacific Railroad Company was a corporation, nor that, as such, it was capable of owing property. The precise question presented has not, so far as I am aware, been passed upon by this court, but the identical point was raised in the following cases, where it is held that it was not necessary to the sufficiency of an indictment that it should allege either that the owner of the property was a corporation, or that, as such, it was capable of owning property: *People v. McCloskey*, 5 Parker Cr. R. 57; *Commonwealth v. Williams*, 2 Cush. 582; *State v. Scripture*, 42 N. H. 485; *State v. Rand*, 33 N. H. 216; 1 Wharton's Prac., 378.

The evidence, which seems to be only partially preserved in the bill of exceptions, tended to show that the building burglarized was the depot of the Missouri Pacific Railroad Company at Carthage; that defendant, being in the waiting room thereof broke the window in the partition between the waiting room and the ticket office, through which he entered and stole certain personal property therein kept or deposited. We find no error in the record justifying our interference with the judgment, and it is hereby affirmed, in which all concur.