## THE STATE v. FLYNN, *Appellant.*

### Division Two, November 5, 1894.

1. **Criminal Practice**: LARCENY: EVIDENCE.   Where, on a trial for
grand larceny, the proof of guilt was direct and positive, evidence
that, at the time of the finding of the articles mentioned in the indict-
ment, other property, which had been stolen from the prosecuting
witness and others, was found in defendant's possession, was
admissible.

2. ———: BILL OF EXCEPTIONS: SUPREME COURT: PRESUMPTION.   The
bill of exceptions did not purport to set out all the evidence given on
the trial.   *Held*, also, that the action of the trial court in admitting
the foregoing evidence would be presumed to be correct against
defendant's objection that it was only admissible where the proof of
guilt was circumstantial, which the bill did not show.

*Appeal from St. Louis Criminal Court.*—HON. H. L.
EDMUNDS, Judge.

AFFIRMED.

*James J. O'Donohoe* for appellant.

(1) The court erred in permitting the introduction
of the testimony objected to.   *State v. Wolf*, 15 Mo.
168; *State v. Goetz*, 34 Mo. 85; *State v. Harold*, 38
Mo. 496; *State v. Daubert*, 42 Mo. 242; 12 Am. and
Eng. Encyclopedia of Law, pp. 843, 855, 878 and cases
cited.   (2) And the error was not cured by an instruc-
tion withdrawing such testimony from the considera-
tion of the jury.   *State v. Hopper*, 71 Mo. 425; *State
v. Fredericks*, 85 Mo. 145.   (3)   Such testimony is

only admissible where the proof of the act charged in the indictment is dependent upon circumstantial evidence and is in such cases admitted as the best evidence obtainable, there being no direct evidence of the commission of the act charged in the indictment. *State v. Moore*, 101 Mo. 323; *State v. Daubert*, 42 Mo. 243; *State v. Harrold*, 38 Mo. 496; *State v. Goetz*, 34 Mo. 85; 12 Am. and Eng. Encyclopedia of Law, p. 855.

*R. F. Walker*, Attorney General, and *C. O. Bishop*, Prosecuting Attorney, for the state.

(1) The indictment is in proper from. There is no error apparent upon the record proper. R. S. 1889, sec. 3535. (2) Where the bill of exceptions purports to contain evidence only upon certain points, this court will presume that the proof as to all other essential elements of the offense was duly made at the trial. *State v. Tucker*, 84 Mo. 23. (3) The testimony admitted on the part of the state as to other stolen property being found in defendant's possession with that charged in the indictment, was competent under the general rule of evidence and the established rule of this court. 3 Greenleaf's Evidence, sec. 31; *State v. Moore*, 101 Mo. 316. (4) The only instruction for review is that to which exception was saved; the others can not be considered. *State v. Day*, 100 Mo. 242. Notwithstanding a general complaint against all in the motion for new trial. *State v. Reed,* 89 Mo. 168; *State v. Rambo*, 95 Mo. 462.

Burgess, J.—At the November term, 1893, of the criminal court of the city of St. Louis, the defendant was convicted of grand larceny, and her punishment fixed at two and one half years in the penitentiary. The articles stolen were wearing apparel, the property

of one Katharine Franciscus. After unsuccessful motions for new trial and in arrest she appealed. The bill of exceptions does not set out the testimony in full, but contains the following:

"The state of Missouri * * * produced testimony to the jury tending to prove the issue on her part, and one Marion Lindsay was introduced and sworn as a witness on the part of the state, and the state proposed to prove by said witness as follows, to wit: That at time of finding the articles mentioned in the indictment in the possession of defendant, there was also found in her possession other articles which had been stolen from the prosecuting witness and others about the same time as those mentioned in the indictment; to the introduction of said proof the attorney for defendant objected, because, as he alleged, said proof was immaterial and irrelevant and calculated to increase the punishment of the defendant, and the court overruled the objection and allowed said proof to be made by said witness; and to the decision of the court upon said objection, the defendant at the time excepted. Other witnesses * * * were permitted to testify against the objection of the defendant."

It is insisted by counsel for defendant that the court committed error in admitting over his objections the testimony of witnesses to prove that there was found in the possession of defendant other goods which had been stolen than those mentioned in the indictment, and that such evidence was calculated to prejudice the jury and increase the punishment of defendant. This position is rather an anomalous one, under the facts as disclosed by the record.

The defendant's guilt is admitted by her counsel. In fact he states in his brief that "the evidence against her was direct and positive," and the only complaint is that the evidence tending to show her guilty of other

. larcenies must·have prejudiced the jury, and increased
· her·-punishment, and that such evidence is only per-
missible when the evidence of guilt is circumstantial.
Even, if this be true, how is this court to determine
whether the evidence of guilt was direct or circumstan-
tial when it is not copied into the bill of exceptions,
which does not even purport to contain all the evidence
that was introduced. In any view of the. case the
evidence was admissible. *State v. Castor*, 93 Mo. 252.

The presumption is in favor of the correctness of
the action of the trial court, and, as there is nothing
before this court to be passed upon, the judgment must
be affirmed. All of this division concur.

