State v. Fraker.

THE STATE, *Appellant*, v. FRAKER.

### Division Two, December 7, 1897.

**Indictment:** MOTION TO QUASH: FINAL JUDGMENT: WHEN STATE MAY NOT APPEAL. A motion to quash an indictment was sustained, but no entry was made ordering the indictment quashed and defendant discharged, nor adjudging the indictment insufficient and ordering it quashed and defendant committed or bailed to answer another indictment. *Held*, not to be such a final judgment as will allow an appeal to be taken.

*Appeal from Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

APPEAL DISMISSED.

*Edward C. Crow*, Attorney-General, and *J. L. Farris, Jr.*, for appellant.

*James L. Farris, Sr., A. S. Lyman, John Dougherty*, and *Lavelock, Kirkpatrick & Divelbiss* for respondent.

GANTT, P. J.—This is an appeal from the circuit court of Ray county. The defendant was indicted on the eighteenth day of October, 1895. On the eighteenth day of May, 1896, the defendant moved to quash the indictment for various reasons. The cause was regularly continued until the February term, 1897, when the court appointed a prosecuting attorney *pro tem*, to prosecute the cause, the duly elected officer having been of counsel for defendant previous to his election. Upon the motion to quash we find the following record entry: "The motion to quash the indictment filed herein is taken up and submitted to the court, and the same being seen, heard, and by the court fully understood and maturely considered, said motion to quash is by the court sustained." Motions for new trial and in arrest were then filed and overruled and exceptions duly saved. Thereupon this appeal was taken to this court.

Elaborate briefs have been filed by counsel on both sides, but we are met at the threshold of our investigation with the inquiry whether there was a *final* judgment in the circuit court from which an appeal can by law be prosecuted to this court.

It is apparent, we think, that nothing approaching a final judgment is to be found in this transcript. There is neither an entry which orders the indictment to be quashed and the defendant discharged, nor one which adjudges the indictment insufficient and ordering it quashed and directing the defendant committed or bailed to answer to another indictment. As was said as early as *State v. Pepper et al.*, 7 Mo. 348: "It appears from an inspection of the record that the court simply *sustained the demurrer* and made no further order in the cause. The suit is still pending in the circuit court."

In *State v. Gregory*, 38 Mo. 502, the appeal was dismissed for failure to enter *final judgment upon sustaining* the demurrer and this court pointed out the form of a final judgment to be entered in such cases. Again in *State v. Mullix*, 53 Mo. 355, this identical question again arose and it was held that the mere *sustaining* of a demurrer was not a final judgment. No distinction in principle can be made between the final order necessary upon sustaining a demurrer, and one adjudging the indictment bad on motion to quash. In each the order or judgment must be final before an appeal therefrom can be heard by this court. Our jurisdiction is purely appellate in these cases and we have no right to interfere while the case is still pending in the circuit court.

Compelled by the statute to examine the transcript for ourselves, we find there is no final judgment from which this appeal can be prosecuted, and it is ordered dismissed. SHERWOOD and BURGESS, JJ., concur.