THE STATE v. HERMAN HEDGPETH, Appellant.

Division Two, December 22, 1925.

1. **BURGLARY AND LARCENY:** Information: Joint Charge. Under the statute (Sec. 3305, R. S. 1919) the information may charge both burglary and larceny in the same count.

State v. Hedgpeth.

2. ———: **From Company: Incorporation: Immaterial: Proof.** Where the defendant's guilt of the crime of burglary and larceny does not depend upon the establishment of the incorporation of the company whose oil station was burglarized and whose property was stolen, but upon the question whether he broke into the premises and stole the property described in the information, it is unnecessary to prove the incorporation of the company; and its corporate existence being immaterial, an allegation in the information that the company is a corporation is to be considered a mere matter of description to enable the owner to be identified. Unless the incorporation of the company whose premises are burglarized and whose property is stolen is an issue, evidence of incorporation is not material, or even admissible, under the statute (Sec. 4032, R. S. 1919).

3. ———: **Evidence: Other Stolen Property: Possession.** Evidence of the possession by defendant of property recently stolen other than that charged in the information, and that it had been stolen about the time and from the place as the stolen property charged, is admissible as forming a part of the entire transaction.

4. **INSTRUCTION: No Objection or Exception.** If no objection were made or exception saved at the time instructions were given, they are not preserved for review on appeal; and the fact that the giving of them was assigned as error in the motion for a new trial does not preserve them for review if the alleged error was not called to the attention of the trial court by timely objections and exceptions.

5. **VERDICT: General: Burglary and Larceny.** A verdict declaring that "we the jury find the defendant guilty of burglary and larceny, in manner and form as charged in the information, and assess his punishment at five years in the penitentiary" is void for uncertainty. While the statute permits burglary and larceny to be prosecuted in the same or separate counts, it does not operate to avoid the necessity of the jury finding in a definite manner the offense of which defendant is guilty.

Corpus Juris-Cyc. References: Burglary, 9 C. J., Section 114, p. 1062, n. 81; Section 122, p. 1065, n. 30.  Criminal Law, 16 C. J., Section 1149, p. 595, n. 18; Section 1170, p. 604, n. 87; Section 2592, p. 1105, n. 10 New; 17 C. J., Section 3332 p. 62, n. 94; Section 3333, p. 64, n. 3; p. 65, n. 11; Section 3344, p. 79, n. 73; Section 3345, p. 80, n. 77.  Indictments and Informations, 31 C. J., Section 322, p. 761, n. 20.  Larceny, 36 C. J., Section 399, p. 858, n. 4; Section 414, p. 864, n. 98 New; Section 451, p. 885, n. 86 New.

Appeal from Criminal Court of Greene County.—*Hon. Orin Patterson*, Judge.

REVERSED AND REMANDED.

*Collins & Pierce* for appellant.

(1) The State was required to charge in the information and, of course, to prove that the oil company was a corporation, and this proof could be made in just two ways, one by the certificate of incorporation, and the other as pointed out by statute, Sec. 4032, R. S. 1919. (2) There was no competent evidence that the Wilhoit Oil Company, whether a corporation or not, was even the owner of the filling station alleged to have been burglarized. The only property identified with any certainty as having been taken from the filling station was property not mentioned in the information, to-wit, a lead pencil. All the evidence concerning this lead pencil was incompetent and prejudicial and the court erred in admitting it. State v. Hyde, 234 Mo. 200; State v. Banks, 167 S. W. 505; State v. Horton, 247 Mo. 657. (3) The court erred in failing to instruct on circumstantial evidence. All the evidence in this case against this appellant as to burglary was wholly circumstantial, he was neither seen in or near this filling station, the nearest he was seen to it that night was three blocks away. Where the State relies upon circumstantial evidence to convict, then it is error for the court not to instruct on circumstantial evidence. State v. Robison, 117 Mo. 663; State v. Moxley, 102 Mo. 374; State v. Donnelly, 130 Mo. 649. (4) The verdict in this case is not responsive to the issues and is indefinite and uncertain and this verdict should have been arrested upon appellant's motion in arrest. A verdict in a felony case must be certain, positive and free from all ambiguity. It must convey on its face a definite and precise meaning and must show just what the jury intended; an obscurity which renders it at all doubtful, will be fatal to it. State v. Rowe, 142 Mo. 439; State v. Standley, 232 Mo. 23; State v. Carragin, 210 Mo. 351.

*Robert W. Otto,* Attorney-General, and *Harry L. Thomas,* Special Assistant Attorney-General, for respondent.

(1)   The information follows the statute and is in an approved form.  R. S. 1919, sec. 3305; State v. Sprague, 149 Mo. 409; State v. Yandle, 166 Mo. 589; State v. Tracy, 243 S. W. 178.   (2)   Proof of corporation may be by reputation.  State v. Stegner, 276 Mo. 427; State v. Decker, 217 Mo. 315; State v. Wise, 186 Mo. 42; State v. Knowles, 185 Mo. 168; State v. Moreaux, 254 Mo. 398; R. S. 1919, sec. 4032.   Oral evidence as to the ownership of the building was competent, the title to the realty being only a collateral issue in the case. 10 R. C. L. 905.; Knights v. State, 78 N. W. 508, 76 Am. St. 78; 22 C. J. 993; In re Mingo Drain., 267 Mo. 268; Erhart v. Wabash Railroad, 136 Mo. App. 621.   (3) Evidence of thefts of property not charged in the information was admissible.  The crimes were identical as to time and place and were inseparable with the crime charged.  Further, the evidence went to prove identity. State v. Shobe, 268 S. W. 82; State v. Hyde, 234 Mo. 225; State v. Guye, 299 Mo. 348; State v. Lewis, 181 Mo. 261; State v. Salter, 256 S. W. 1068; State v. Peters, 242 S. W. 897; State v. Drummins, 274 Mo. 632; State v. Conway, 241 Mo. 279.   (4)   A verdict finding defendant guilty of both burglary and larceny and assessing his punishment at imprisonment for a term of five years is erroneous in that it does not fix the punishment for each offense separately.  State v. McCune, 209 Mo. 399; State v. Logan, 209 Mo. 401; State v. Rowe, 142 Mo. 439; State v. McHenry, 207 S. W. 809.

WALKER, P. J.—The appellant was jointly charged with two others in the Criminal Court of Greene County in one count with burglary and larceny.  A severance was granted and upon a trial he was convicted and sentenced to five years imprisonment in the penitentiary. From this judgment he appeals.

The statement of the facts is based upon the evidence introduced by the State, the appellant having offered no testimony.

The crime charged was committed July 16, 1924, at an oil station in the city of Springfield, operated by the Wilhoit Oil Company. At about 9:30 o'clock P. M., on the day stated, an employee of the oil company placed the day's receipts, consisting of money and checks, amounting to about one hundred dollars, in the safe, locked the same and the office door and left the station. On the inside casing of one of the windows he left an Ingersoll watch and a silver pencil. At daybreak or about four o'clock the next morning a call was received at the office of the police department for an officer to go to the oil station. Two officers, Hulse and Webb, responded. When they reached the station Frank Carey, who is one of the parties jointly charged with the appellant, came out of the station and was arrested. The appellant was arrested a short time after the officers reached the station as he came out from between two buildings about a block and a half from the station. As the officer ordered appellant to halt the latter threw a roll on the ground which was found to contain fifty-three dollars in currency and several checks made payable to the oil company. Appellant had on his person at the time of his arrest a loaded revolver, a knife, about nine dollars in money, an Ingersoll watch and a silver pencil; these two latter articles were identified by the employee as those left by him in the window of the oil station. When the officers turned the money out of appellant's pocket he said, "That is my own money."

An examination of the station disclosed that the burglars had effected an entrance thereto by prying open a window. The combination of the safe had been knocked off and the doors forced open.

I. It is contended that the information is invalid in that it charges two offenses in one count. There is no merit in this contention. The statute author-

Information.

izes this procedure in charging the offenses in question in this language: "If any person in committing burglary shall also commit a larceny, he may be

prosecuted for both offenses in the same count, or in separate counts of the same indictment." [Sec. 3305, R. S. 1919; State v. Tracy, 294 Mo. 389 and cases.]

II.  Failure to prove the corporate existence of the Wilhoit Oil Company, the premises of which were charged to have been burglarized, is assigned as error. Proof of the appellant's guilt of the crimes charged or either of them did not depend upon establishing the fact of the oil company's incorporation, but upon the question as to whether the appellant feloniously broke into the premises of another, and to establish the larceny, that he stole from such premises the property described in the charge. While the corporate existence of the oil company was alleged in the information it was a mere matter of description to enable the owner to be more readily identified. Whether, therefore, the owner of the premises be a corporation, a partnership or an individual is not material to the appellant's defense or in the establishment of his guilt.

*Proof of Corporation.*

The statute defining the manner in which corporate existence in a criminal case may be proved is in the following language:

"If on the trial or other proceeding in a criminal cause, the existence, constitution or powers of any banking company or corporation, shall become material, or be in any way drawn in question, it shall not be necessary to produce a certified copy of the charter or act of incorporation, but the same may be proved by general reputation, or by the printed statute book of the state, goverment or country by which such corporation was created." [Sec. 4032, R. S. 1919.]

Generally considered, the limitations of this section clearly indicate that evidence of corporate existence is not admissible in a criminal case, unless the same is material, and if not material it follows, as the section prescribes, that it cannot be drawn in question. In other words, the section was enacted to provide a ready

means of proving corporate existence where such proof was an issue in the case. This statute does not attempt to change any rule of evidence further than to lessen the quantum of proof necessary to establish an incorporation. The proof, therefore, of the legal character, natural or artificial, of a person whose premises are alleged to have been burglarized or property stolen, is governed by the same rule as to relevancy as any other fact and is admissible only when it will tend to establish the guilt or innocence of the accused or, as the statute redundantly puts, it, when it, is "material or may in any way be drawn in question." There is no pretense that this proof should have been made to establish the guilt of the appellant and nothing was attempted to be shown in what manner it would contribute to his defense. It is simply baldly contended that error was committed in not requiring the State to prove the corporate character of the oil company as laid in the information. The ownership of the premises alleged to have been burglarized, as well as that of the property stolen, was alleged in the information. This allegation was proved as laid. Whether such ownership was in a firm or a corporation is not material. Incidentally this question was discussed in a well considered opinion by HIGBEE, P. J., in State v. Tracy, 294 Mo. l. c. 389, where the ownership of property stolen was alleged to be in one corporation and was proved to be in another, it was held that the variance was not material for the reason that a variance in the ownership of property named in an indictment shall not be deemed ground for an acquittal of the defendant, unless the trial court shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant. This ruling is based upon a provision in one of the criminal Statutes of Jeofails (Sec. 3907, R. S. 1919), which, among other things, provides, in effect, that where there is a variance between the charge and the proof as to the ownership of any property named or described therein that it shall not be deemed grounds for an acquittal unless the trial court shall find that such

variance was material. It follows from the express terms of this statute and .the rulings of this court thereon, that the measure of the determination of the admission of testimony in regard to the ownership of property described in a criminal charge is its materiality. This requisite as to the admissibility of this character of proof is required by each of these statutes. It does not exist in this case. The contention is overruled.

III. It is urged as error that testimony was permitted to be introduced of the thefts of property at the time and from the place charged other than that described in the information. The rule as to the admission of evidence tending to establish the commission of a crime other than that charged, may be invoked as has been done by respondent in discussing this contention, but a more precise consideration of same will limit a discussion of the rule here to prosecutions for burglary and larceny, more particularly the latter. . Facts prerequisite to the admission in evidence of the possession by a defendant of stolen property, other than that charged, are the possession of such property recently after the commission of the offense and that it had been stolen at about the time and from the place as the property charged in the indictment. If these facts be shown the evidence is admissible as forming a part of an entire transaction. The prerequisite facts are not absent in this case. The property, other than that charged to have been stolen, was found on the person of the appellant at the time of his apprehension and almost immediately after the burglarly; it was shown to have been in the oil·station the night before the latter was burglarized and that the ownership of same was in one of the employees of the oil company. Thus identified, evidence in regard thereto was authorized, not only for the reasons stated ·but on the ground that it was so inseparably a part with the crime charged as to constitute a circumstance connecting the appellant with

*Other Stolen Property.*

the same. We had occasion to discuss this question in State v. T. B. Smith, 250 Mo. 368, with the result that testimony of the character under review was held admissible for the reasons above stated. The ruling in the Smith Case was but an affirmance of that announced in State v. Flynn, 124 Mo. 480, and earlier cases of like import. The curious may find a compilation of the cases on this question in Clampitt v. United States, 89 S. W. 666, 10 Ann. Cas. 1089; and in Comm. v. Riggs, 14 Gray, 376, as annotated 77 Am. Dec. 333; 36 Corpus Juris, p. 858, sec. 399, and notes; 17 Ruling Case Law, p. 75, sec. 80 and notes. We overrule this contention.

IV. The contention concerning the impropriety of the instructions given and that error was committed in refusing those requested by the appellant, is not preserved in the record in a manner authorizing a review of same. No objections were made at the time or exceptions saved to the rulings of the court thereon. A motion for a new trial can effect nothing as a preservative receptacle of errors alleged to have been committed during the progress of the trial, if such errors were not called to the attention of the trial court by timely objections and exceptions. [State v. Reich, 293 Mo. 1. c. 425; State v. Pfeifer, 267 Mo. 23.]

This rule may be applied with equal force under the facts to the objections made to the remarks of the counsel for the State. [State v. Murphy, 292 Mo. 1. c. 295; State v. Cooper, 271 S. W. (Mo.) 1. c. 475; State v. Kembugler, 267 S. W. (Mo.) 801.]

V. The jury returned this verdict:

"We, the jury, find the defendant, Herman Hedgpeth guilty of burglary and larceny, in manner and form as charged in the information and assess his punishment at five (5) years in the penitentiary."

This verdict is void for uncertainty. While the statute (Sec. 3305, R. S. 1919) permits burglary and larceny to be prosecuted in the same or seperate counts,

it does not operate to avoid the necessity of the jury finding in a definite manner of what offense or offenses the accused is guilty. This cannot be determined from this verdict, and constitutes reversible error. [State v. McHenry, 207 S. W. (Mo.) 808 and cases.] While the court properly instructed the jury as to their duty in this regard it did not, nor did the prosecuting officer, as should have been done, call the error to the attention of the jury when the verdict was returned and afford an opportunity for its correction. In view of ample proof of the appellant's guilt and the absence of any other ground of reversal this error is regrettable. For this reason the case must be reversed and remanded. It is so ordered. All concur.