STATE, Defendant in Error, v. MAX M. MEDLEY, Plaintiff in Error.— No. 39155.—185 S. W. (2d) 633.

Division Two, February 5, 1945.

Rehearing Denied, March 5, 1945.

*Max M. Medley, pro se,* for plaintiff in error.

*Roy McKittrick,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

ELLISON, P. J.—This case was brought here by writ of error to review the conviction of the plaintiff in error (hereafter called the appellant) on a plea of guilty in the Bates county circuit court, the information charging robbery in the first degree in violation of Sec. 4450.[1] We are not fully informed as to the facts because the record brought up is only the record proper. No bill of exceptions preserving the evidence is presented. Indeed, for that reason defendant has moved that the record here be amended by striking out his written confession, which was sent up with the other papers. The punishment for the crime ranges from life to five years imprisonment in the penitentiary. Sec. 4453. The punishment assessed by the trial court was fifty years. Two assignments of error are made: (1) that

---

[1]References to our statutes are to R. S. 1939, and the same section numbers in Mo., R. S. A., unless otherwise indicated.

the information is fatally defective; (2) that defendant was convicted without due process because he was not represented by counsel in the trial court and was denied the benefit of counsel.

The pertinent part of Sec. 4450 reads as follows:

"Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; . . . shall be adjudged guilty of robbery in the first degree."

The prosecuting attorney's information was as follows:

"Theo. R. Schneider, Prosecuting Attorney within and for Bates County, Missouri, upon his oath of office and information informs the Court that on or about the 20th day of August, 1943 in the Township of Osage, at the County of Bates and State of Missouri, one Max M. Medley in and upon one Anna M. Wilson unlawfully and feloniously did make an assault, and one 1938 Plymouth Coach automobile, Motor No. P8-210991, of the value of four hundred dollars, the property of the said Anna M. Wilson, from the person and against the will of the said Anna M. Wilson then and there, by force and violence to the person of the said Anna M. Wilson, feloniously did rob, steal, take and carry away, contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Missouri."

Appellant relies on five cases cited below.[2] Of these only the Roderman case passed on the sufficiency of an information or indictment for robbery in the first degree. There, the indictment alleged the accused made an assault upon the prosecuting witness *and* put him in fear of immediate personal injury, *and* by force and violence took his property from his person against his will, *all* with the intent permanently to deprive the owner of the use thereof. From this appellant concludes that all three of these elements—(1) putting in fear, (2) force and violence, (3) and an intent permanently to appropriate the property—are necessary ingredients of the crime. Then he refers to a holding in the Weinhardt case that the evidence must show the accused intentionally did or said something which put the owner of the property in fear of immediate personal injury; and also to the earlier Smith case, which held the victim must actually be in fear of injury to his person at the time. Appellant groups all these requirements and contends the information should have charged all of them.

But this is incorrect. The statute runs in the disjunctive. It denounces the felonious taking of the property of another against his

[2]State v. Lasky (Mo., Div. 2), 133 S. W. (2d) 334, 335(1); State v. Smith (Mo., Div. 2), 68 S. W. (2d) 696, 698(5); State v. Roderman, 297 Mo. 143, 147, 248 S. W. 964, 965; State v. Weinhardt, 253 Mo. 629, 636, 161 S. W. 1151, 1152; State v. Smith, 119 Mo. 439, 446, 24 S. W. 1000, 1002.

will, by violence to his person *or* by putting him in fear of personal injury.[3] This is recognized in the Lasky case and the later Smith case cited in marginal note 2, both of which use the statutory language. The Weinhardt case and the earlier Smith cases were dealing with the second alternative of the statute—putting in fear. The information in the instant case charges under the first alternative, force and violence. This alone was sufficient. State v. Whitley, 327 Mo. 226, 229(3), 36 S. W. (2d) 937, 938(3). A robbery might be perpetrated by force and violence of such nature as to make the victim incapable of fear, as where a stealthy robber strikes him on the head rendering him unconscious, and then takes his money. Or it might be accomplished without an assault by putting him in fear of personal injury when there was no actual possibility of it, as where the robber flourishes a harmless imitation pistol or falsely pretends to be pointing a pistol supposedly concealed in his pocket. Furthermore, it has been held several times that an information is not fatally defective for failing to allege that the property was taken with the intent to deprive the owner thereof.[4] This assignment is overruled.

The other assignment is that appellant was denied due process under the Fourteenth Amendment because he was not represented by counsel and was not accorded the benefit of counsel at the trial below. He relies on three decisions of the United States Supreme Court, to which we have added three others.[5] All that appears from the record brought here with reference to his plea of guilty is that appellant was arraigned on October 11, 1943, being the first day of the term of court, and that the following occurred:

"Now on this day Defendant arraigned and being without counsel and being offered the benefit of counsel says that he is able to obtain counsel of his own choosing but does not desire same. Information read. Defendant enters a plea of guilty of first degree robbery as charged. Sentence deferred until October 19, 1943."

On the latter date, to which sentence had been deferred, appellant was granted allocution as required by Sec. 4102 and the aforesaid punishment of fifty years imprisonment in the State penitentiary was pronounced and judgment rendered. There is nothing in the

[3]54 C. J., sec. 25, p. 1017; 46 Am. Jur., sec. 14, p. 145; State v. Broderick, 59 Mo. 318, 320-1; State v. White, 326 Mo. 1000, 1003, 34 S. W. (2d) 79, 80(1).

[4]State v. Steenbergen, 334 Mo. 880, 881(2), 68 S. W. (2d) 684, 685(2); State v. Lasson, 292 Mo. 155, 171(6), 238 S. W. 101, 105(6).

[5]Powell v. Alabama, 287 U. S. 45, 70, 77 L. Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527; Johnson v. Zerbst, 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357; Chambers v. Florida, 309 U. S. 227, 84 L. Ed. 716, 60 S. Ct. 472; Betts v. Brady, 316 U. S 455, 466, 86 L Ed. 1595, 62 S. Ct. 1252; Williams v. Kaiser, 65 Sup. Ct. 363, 89 L. Ed. 362; Tomkins v. Missouri, 65 Sup. Ct. 370, 89 L. Ed. 370.

record indicating he filed a motion for new trial or to set aside his plea and the sentence and judgment.

There are two applicable statutes:

Sec. 4003. "If any person about to be arraigned upon an indictment for a felony be without counsel to conduct his defense, and be unable to employ any, it shall be the duty of the court to assign him counsel, at his request, not exceeding two, who shall have free access to the prisoner at all reasonable hours."

Sec. 4834 (parenthesis ours). "Any judge, justice of the peace or police judge who shall (accept a plea of guilty outside the court room) or who shall accept of any plea of guilty without first giving the person charged with an offense an opportunity and reasonable time to talk with a friend and an attorney, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment; and in addition, shall forfeit his office."

State v. Sublett, 318 Mo. 1142, 1147, 4 S. W. (2d) 463, 466(3), suggested doubt as to the constitutionality of Sec. 4834, but held that in any event it struck only at the judge accepting the plea, and did not invalidate the plea itself. We shall proceed here on the contrary theory that the statute by necessary inference does condemn the act or practice of accepting pleas of guilty without affording the accused a reasonable opportunity to talk to a friend and attorney. In another case, State v. Rogers (Mo., Div. 2), 285 S. W. 976, 978(2), when the defendants entered their pleas of guilty the court inquired whether they desired to consult a friend or attorney and they answered in the negative. They were interrogated further as to their guilt and written confessions, and thereupon were sentenced forthwith. The decision held this was sufficient to satisfy the requirements of Sec. 4834. The other statute, Sec. 4003, merely provides that if the accused be without counsel and *unable* to employ any, then the court shall *at his request* appoint counsel to represent him.

But in this case the record states that when the appellant was arraigned he was offered the benefit of counsel, and he answered that he was able to obtain counsel of his own choosing but did not want any. In other words he preferred to represent himself. Then the court deferred sentencing him for eight days. It was held in State v. Moore, 121 Mo. 514, 521-2, 26 S. W. 345, 347(5), 42 Am. St. Rep. 542, that since the court had offered and insisted on assigning counsel for the defendant, and he had rejected the offer, the requirements of Sec. 4003 had been more than complied with. That decision was affirmed in Moore v. Missouri, 159 U. S. 673, 40 L. Ed. 301, 16 S. Ct. 179, but the above question was not discussed or mentioned.

This court made the same ruling again in State v. Hamilton, 337 Mo. 460, 470(4), 85 S. W. (2d) 35, 41(10). And other Missouri

decisions[6] have held that unless the defendant is unable to employ counsel the court need not appoint a lawyer for him even though he request it, or in any event if he did not request it. Under our own prior decisions we think it clear the appellant has no just ground for complaint, especially in view of the fact that this case is here on a writ of error as a writ for review of the facts brought up.

Reverting to the decisions of the United States Supreme Court cited in marginal note 5, most of which are discussed in the recent Skiba case decided by this court and just cited below. It clearly appears from the Johnson and Chambers decisions that each case must depend on its own facts; that even though the accused has waived counsel it must be an intelligent and competent waiver; and from the Powell, Williams and Tomkins cases that "where the defendant is unable to employ counsel, and is incapable adequately of making his own defense because of ignorance, feeble mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law." All those questions could be litigated here on appeal or on writ of error, being subject to review, of course, by the United States Supreme Court on the question of due process. But the appellant has not brought them up. The record he presents shows that he was able to employ counsel but preferred to try his own case. Whether he was ignorant or illiterate we cannot know. By his own motion here he has moved to strike his written confession from the record, which doubtless would throw more light on that question than can be gleaned from the record proper. On the record presented the judgment and sentence are affirmed. All concur.

---

[6]Skiba v. Kaiser, 352 Mo. 424, 426, 178 S. W. (2d) 373, 374(3); State v. Steelman, 318 Mo. 628, 630(1), 300 S. W. 743, 744(1); State v. Miller (Mo., Div. 2), 292 S. W. 440, 442(10); State v. Terry, 201 Mo. 697, 700, 100 S. W. 432.