STATE of Missouri, Appellant,

v.

Robert (Bob) SCARLETT, Respondent.

No. 44855.

Supreme Court of Missouri.

Division No. 1.

June 11, 1956.

John M. Dalton, Atty. Gen., John S. Phillips, Asst. Atty. Gen., for appellant.

John P. Peters, J. H. Mosby, Linn, for respondent.

DALTON, Presiding Judge.

This is an appeal by the State of Missouri from a judgment of the circuit court of Osage County sustaining defendant's motion to quash an information which purports to state a criminal offense against defendant. The information was filed in said court by the prosecuting attorney of said county on February 5, 1955.

The information, omitting caption, signature and verification, is as follows: "Comes now Henry Balkenbush, Prosecuting Attorney, for and within the County of Osage, and State of Missouri, and on his official oath informs the court, that, the defendant Robert (Bob) Scarlett on or about the 21st day of December, 1954, at and within the County of Osage, and State of Missouri, did unlawfully and with felonious intent come to the door and residence of one William A. Dingley having at the time in his right hand coat pocket concealed an object resembling a pistol or revolver the same then and there appearing to be a dangerous and deadly instrument and pointing the same directly at the person and body of the said William Dingley and simultaneously in loud voice and threatening manner did demand of the aforesaid William A. Dingley that he hand over to him the defendant then and there his money; and that by the aforesaid means the defendant Robert (Bob) Scarlett did by so placing the aforesaid William A. Dingley in fear of his life and great bodily harm and injury did feloniously and unlawfully attempt to rob the said William A. Dingley of his money and effects and to permanently deprive him of the use thereof and to convert the same to his own use, contrary to the statute and laws of Missouri, in such cases made and provided, and against the peace and dignity of the State."

The motion to quash the information assigned the following grounds:

"1. Generally, the information does not charge any offense known to the law of this State:

2. The information fails to allege an assault, and fails to allege that the person on whom the alleged attempt to rob, was made, was put in fear, in the manner and by the means, as defined in the statutes of this State, defining the Crime of Robbery.

3. The information fails to state, that the said William A. Dingley was put in fear, in the manner prescribed by the statute, by means of any weapon visible or invisible.

4. The information herein preferred by the prosecuting attorney is ambiguous, vague, and contradictory in that it assumes to charge, use in the alleged attempt, to commit robbery of William A. Dingley, by putting him in fear, of a deadly weapon which is also alleged, to have been in defendant's pocket and concealed; and only 'appeared' to be a dangerous and deadly weapon.

5. That the gravamen of the offense of robbery, as defined in our statute, is an assault or its equivalent, in the use of some means, surely invisible (sic), to put the intended victim in fear, 'of some immediate injury, to his person' and this information charges neither."

Appellant contends the information states a criminal offense, a felony, to wit, an attempt to commit robbery in the first degree; and that the information is in proper form and should not have been quashed. Respondent has not favored us with a brief.

■ As the court quashed the information on the theory that it was insufficient and failed to charge an offense, the state had the right to appeal. Supreme Court Rule 28.04, 42 V.A.M.S., provides that, "The state shall be entitled to take an appeal in the following cases and in no others: (a) when, prior to judgment, upon motion or upon the court's own view, it is adjudged that an indictment or information is insufficient; (b) when a judgment is arrested or set aside." An appeal by the state in such cases was previously authorized by statute. Sections 547.200 and 547.210 RSMo 1949, V.A.M.S.; State v. Futrell, 329 Mo. 961, 46 S.W.2d 588.

■ Since it appears from the record that the instant appeal has been taken to this court on the theory that the information charges a felony, to wit, an attempt to commit robbery in the first degree, this court has jurisdiction to determine the matter. Article V, § 3, Const. of Mo. 1945, V.A.M.S.

Section 560.120 RSMo 1949, V.A.M.S., provides: "Every person who shall be convicted of feloniously taking the property of another from his person * * * by putting him in fear of some immediate injury to his person; * * * shall be adjudged guilty of robbery in the first degree."

Section 560.135 RSMo 1949, V.A.M.S., provides that where a person is convicted of robbery in the first degree by other means than a deadly weapon, he shall be punished by imprisonment in the penitentiary for not less than five years.

Section 556.150 RSMo 1949, V.A.M.S., provides: "Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows: * * * (2) If the offense so attempted be punishable by imprisonment in the penitentiary for life, the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not less than two nor exceeding ten years; but if the offense so attempted be punishable by imprisonment in the penitentiary for any fixed or definite period of time other than the life of the offender, then the person convicted of such attempt shall be punished by imprisonment in the penitentiary for a term not exceeding one-half of said fixed and definite period of time".

■ The term "attempt" has been defined as follows: " 'An attempt is an intent

to do a particular thing which the law, either common or statutory, has declared to be a crime, coupled with an act towards the doing, sufficient, both in magnitude and in proximity to the fact intended, to be taken cognizance of by the law, that does not concern itself with things trivial and, small. Or, more briefly, an attempt is an intent to do a particular criminal thing, with an act towards it falling short of the thing intended.' " State v. Smith, 119 Mo. 439, 444, 24 S.W. 1000, 1001. And see State v. Bersch, 276 Mo. 397, 207 S.W. 809, 816(20).

As we read defendant's motion to quash, it is based upon the contention that no "offense known to the law" is stated, because the information fails to allege *an assault* and because it fails to allege that the person, on whom the attempt to rob was made, was put in fear *"in the manner and by the means,"* as defined in the statutes defining the crime of robbery, or "by means of any weapon visible or invisible." The motion also argues that the information is "ambiguous, vague and contradictory" because charging, on the one hand, that William A. Dingley was put in fear by a deadly weapon concealed in defendant's pocket, and on the other hand by what "appeared to be" a dangerous and deadly weapon. Finally, defendant argues that "the gravamen of the offense of robbery, as defined in our statute, is an assault or its equivalent * * * to put the intended victim in fear of some immediate injury to his person," and that "this information charges neither."

■ The information does not charge an attempt to commit the offense of robbery in the first degree by means of a dangerous and deadly weapon. Section 560.135 RSMo 1949, V.A.M.S. There is no allegation that a dangerous and deadly weapon was used. The allegation is that "an object resembling a pistol or revolver, the same then and there appearing to be a dangerous and deadly instrument" was used by "pointing the same at the person and body of the said William A. Dingley." We find no allegation that the instrument used was in fact a dangerous and deadly weapon, but the information could state the offense of robbery in the

first degree, without such an allegation. Section 560.120 RSMo 1949, V.A.M.S., as we have seen, provides that the offense of robbery in the first degree may be consummated by feloniously taking the property of another from his person by putting the person "in fear of some immediate injury to his person". See State v. Whitley, 327 Mo. 226, 36 S.W.2d 937, 938(3); State v. Medley, 353 Mo. 925, 185 S.W.2d 633 634; State v. Weinhardt, 253 Mo. 629, 636, 161 S.W. 1151. The information in this case is based, we believe, upon the provision of the statute with reference to robbery in the first degree by putting in fear of immediate injury to his person. The information, as stated, charged that the object resembling a pistol or revolver was pointed "directly at the person and body of the said William Dingley" and that "by the aforesaid means the defendant Robert (Bob) Scarlett did by so placing the aforesaid William A. Dingley *in fear of his life and great bodily harm and injury* did feloniously and unlawfully attempt to rob the said William A. Dingley." (Italics ours).

We think the facts stated in the information are sufficient to distinguish it from the indictment held fatally defective in State v. Smith, supra, 119 Mo. 439, 446, 24 S.W. 1000, 1002, where the words "to his person" were omitted and the court said that "for aught that appears, the fear might have been of immediate injury to some relative or property."

■ It was further unnecessary for the information to charge an assault, since the facts producing the fear of immediate injury to the person of William Dingley are fully stated. In the Medley case, supra, 185 S.W.2d 633, 634, it was pointed out that a robbery "might be accomplished without an assault by putting him in fear of personal injury when there was no actual possibility of it, as where the robber * * * falsely pretends to be pointing a pistol supposedly concealed in his pocket."

■ In order to charge the offense of an attempt to commit robbery in the first degree under Section 560.120, it was only

necessary to charge the felonious attempt to take the property of another from his person by "putting him in fear of some immediate injury to his person" and to set out the means, purpose and intent by which the same was done. Since the manner and means by which a person may be put in fear of immediate injury to his person is in no manner specified or limited by Section 560.-120, it was unnecessary to allege that the person whom the defendant attempted to rob was put in fear *in the manner and by the means contended for* by defendant. Section 560.120 RSMo 1949, V.A.M.S., does not specify or limit the manner or means of putting in fear.

The allegation in the information with reference to "money" was sufficient in charging that defendant demanded of Dingley that "he hand over to him the defendant then and there his money"; and further that defendant did "feloniously and unlawfully attempt to rob the said William A. Dingley of his money and effects." It was only necessary to describe defendant's money "as money." Supreme Court Rule 24.09, 42 V.A.M.S. The matter was previously governed by Sections 545.210 RSMo 1949, V.A.M.S.; State v. Scott, 332 Mo. 255, 58 S.W.2d 275, 277, 90 A.L.R. 860. However, since the charge stated in the information, as we have held, was attempted robbery in the first degree under Section 560.120, it was unnecessary to charge or prove that William A. Dingley in fact had any such money in his possession at the time. See State v. Mitchell, 170 Mo. 633, 639, 71 S.W. 175; 22 C.J.S., Criminal Law, § 77, p. 142.

The information is clear, definite and certain and alleges sufficient facts to charge the offense of an attempt to commit. robbery in the first degree as set forth in Section 560.120 RSMo 1949, V.A.M.S. We need not determine whether the facts set forth in the information were sufficient to charge an assault, or an assault with intent to rob under Section 559.190 RSMo 1949, V.A.M.S. See State v. McFadden, 309 Mo. 112, 274 S.W. 354, 355; State v. Higgins,

Mo.App., 252 S.W.2d 641, 646(6); State v. Lynn, Mo.App., 184 S.W.2d 760, 767.

The court erred in sustaining the motion to quash the information.

The judgment is reversed and the cause remanded.

All concur.