STATE of Missouri, Respondent,

v.

Raymond Lee FLETCHER, Appellant.

No. 9475.

Missouri Court of Appeals, Springfield District.

May 23, 1974.

**254**

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Clyde R. Allemann, White, Dickey & Allemann, Springfield, for appellant.

WILLIAM L. RAGLAND, Special Judge.

Defendant appeals from a conviction for attempted armed robbery and a sentence of twelve years imprisonment. Two points of error are presented on appeal. Defendant contends the information upon which this prosecution is based is fatally defective by reason of its failure to charge defendant with intent to commit robbery, and secondly, that Instruction No. 2 given by the Court was prejudicially erroneous.

The prosecution of the defendant arose from an attempted robbery at the Town and Country Package Liquor Store near Springfield, Missouri. Defendant entered this store with two companions, one Speaks and one Atkinson. Speaks produced a gun and announced a holdup at which time an employee at the store also produced a gun and shot Speaks. Defendant and Atkinson then fled from the scene and were later apprehended. Atkinson entered a plea of guilty to the charge of conspiring to commit armed robbery and has been sentenced.

Defendant was charged with attempted armed robbery under the following information:

"Dee Wampler Prosecuting Attorney of Greene County, Missouri, under his oath of office informs the Court that Paul David Speaks, Raymond Lee Fletcher on or about the 12th day of July, A.D. 1972, in the County of Greene· and State of Missouri, did then and there wilfully, unlawfully and feloniously did [sic] attempt to commit an offense prohibited by law: to-wit, First degree robbery by means of a dangerous and deadly weapon to-wit, a pistol, and in such attempt did do acts toward the commission of

such offense; in that they, the said Paul David Speaks and Raymond Lee Fletcher, did together enter the Town and Country Package Liquor Store, walk to the rear of said store, talk among themselves, walk to Norma Vinson, owner and clerk, holding a pistol, and did attempt to take property of Paul and Norma Vinson, doing business as Town and Country Package Liquor Store by putting Norma Vinson in fear of immediate injury to her person, but did fail on the perpetration being prevented in the execution thereof, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Missouri."

Defendant contends this information is fatally defective by reason of its failure to charge defendant with intent to commit robbery. Respondent contends that the phrase "did then and there wilfully, unlawfully, and feloniously did attempt to commit an offense prohibited by law: to-wit, First degree robbery" contained in the information is sufficient to charge intent.

■ The test for the validity of an information is ". . . [T]hat it be a sufficiently clear statement of the offense charged to inform the defendant of the nature of the offense and to constitute a bar to another action." City of St. Joseph v. Blakley, 486 S.W.2d 511, 513 (Mo.App. 1972).

■ To properly charge an attempt to commit a crime, the information must contain three elements to make it sufficient: (1) The intention to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. State v. Davis, 319 Mo. 1222, 6 S.W.2d 609, 611 (banc 1928); State v. Bliss, 80 S.W.2d 162 (Mo.1935).

The sufficiency of the charge (in this case an indictment) was carefully inquired into by the Missouri Supreme Court in the recent case of State v. Hasler, 449 S.W.2d 881, 884–885 (Mo.App.1969). The Court stated as follows:

". . . The requirement of specificity in the indictment is bottomed upon several considerations. Perhaps most important, the defendant is entitled to be informed of the nature and cause of the accusation against him so that he may defend the charge. (Art. I, § 18(a) Missouri Constitution.) The indictment must set forth sufficient facts that an acquittal or conviction under it may serve to bar a subsequent prosecution for the same acts. It should be sufficiently specific that there would be no difficulty in determining what evidence would be admissible under the allegations, and so the court and jury may know what they are to try and for what they are to acquit or convict. And the indictment must be sufficiently specific that a court can determine from the facts alleged whether a crime has been charged as a matter of law. [citing case]"

■ There is no doubt, and the State concedes, that any charge of attempting to commit a crime should include as an element thereof an allegation that the accused intended to commit the choate crime (i. e. specific intent). State v. Smith, 119 Mo. 439, 24 S.W. 1000, 1001 (1894); State v. Scarlett, 291 S.W.2d 138, 140 [3] (Mo. 1956). Rule 24.01, V.A.M.R. dictates that "[t]he indictment or the information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

■ It seems to us that the wording of the information was unfortunate. A proper information should allege specifically that the defendant acted with intent, or better yet, with the *purpose* of committing the choate crime. *See* The Proposed Criminal Code for the State of Missouri, § 9.010, Attempt (1973). But the question to be answered is whether the instant information is so inadequate that it must be deemed defective or does it substantially fulfill the requirements of Rule 24.01, V.

A.M.R. and *Blakley, Davis, Hasler* and *Smith,* supra. Considering all the allegations contained in the information, we believe that it does conform to these requirements and is sufficient to support the conviction. In fact, in the case of State v. Scott, 332 Mo. 255, 58 S.W.2d 275, 90 A. L.R. 860 (1933) the Supreme Court approved the following information which is essentially the same as the information in the instant case:

"And J. Val Baker, the prosecuting attorney aforesaid, upon his oath aforesaid, further informs the court, that on the 29th day of December, 1929, at the County of New Madrid, State of Missouri, Charles Birthwright, Joe Buchanan, Fred Scott and Trom*le* Lonon, did unlawfully, wilfully and feloniously attempt to rob one Mitt Robinson and did then and there unlawfully, wilfully and feloniously make an assault on said Mitt Robinson, the same being an offense prohibited by law, and in said attempt and towards the commission of said offense, they, the said Charles Birthwright, Joe Buchanan, Fred Scott and Trom*le* Lonon, certain money, silver and currency and other personal property of said Mitt Robinson which he then and there had and possessed, they, the said Charles Birthwright, Joe Buchanan, Fred Scott and Trom*le* Lonon, from the person and against the will of said Mitt Robinson, then and there by force and violence to the person of said Mitt Robinson, feloniously did attempt to rob, steal, take and carry away; but that they, the said Charles Birthwright, Joe Buchanan, Fred Scott, and Trom*le* Lonon, did then and there fail in the perpetration of said offense, crime and felony, aforesaid, against the peace and dignity of the State." 58 S.W.2d at 277.

The first part of the information in the instant case, as in State v. Scott, supra, alleges that defendant and another "wilfully, unlawfully and feloniously did attempt to commit an offense prohibited by law: to-wit, First degree robbery . . ." The term "wilfully" has been held to mean "intentionally". State v. Shuler, 486 S.W.2d 505 (Mo.1972); State v. Marston, 479 S. W.2d 481 (Mo.1972).

The second part of the information sets out specific overt acts committed in the attempt which included an "attempt to take property of Paul and Norma Vinson, doing business as Town and Country Package Liquor Store by putting Norma Vinson in fear of immediate injury to her person." Because the information charges that the defendant attempted to commit armed robbery "in that" he did certain things, these specifications of overt acts must logically refer back to the allegation that defendant "wilfully, unlawfully and feloniously" attempted to commit first degree robbery. The information, in effect then, charges that the defendant did wilfully (or intentionally) attempt to take the property of Paul and Norma Vinson by putting Norma Vinson in fear of immediate personal injury. We believe this sufficiently alleges an intent to commit robbery.

Defendant next complains that Instruction No. 2 was erroneous because of its failure to require the jury to find that defendant had the specific intent to commit robbery.

Over the objection of Defendant, the Court gave the following instruction to the jury:

"Instruction No. 2

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 12, 1971, in Greene County, Missouri, defendant walked into the Town and Country Package Liquor Store and together with others, did hold a pistol in an attempt to commit the offense of armed robbery as defined and submitted in Instruction No. 3, and

Second, that the defendant was prevented from successfully completing such

attempt, then you will find the defendant guilty of attempt to commit armed robbery and sentence the defendant for a term fixed by you not less than two (2) nor more than fifteen (15) years in the Department of Corrections.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of an attempt to commit that offense."

 It is well settled, as defendant states, that an instruction to authorize a conviction should require the jury to find every fact necessary to constitute the essential elements of the crime charged. State v. Stewart, 329 Mo. 265, 44 S.W.2d 100 (1931). However, all instructions must be read together and if, when so considered, they present the law, that is all that is required. State v. Duncan, 316 S. W.2d 613 (Mo.1958); State v. Brown, 332 S.W.2d 904 (Mo.1960).

Instruction No. 7 given by the Court is as follows:

"All persons are equally guilty who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly, is the act of all and of each one so acting. However, the mere presence of one at or near the scene of a crime does not render him liable as a participator therein. If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise, or encourage another or others in the commission of a crime, that person is not liable as a principal or otherwise, and should be acquitted. If, however, a person be present, and by words or actions, aids, abets, assists, advises or encourages the crime, *with the intent* that the words or acts should encourage and abet the crime committed, then that person is equally guilty with the person or persons who actually commit the physical deed." (emphasis ours)

This instruction clearly required the jury to find the element of specific intent in the performance of any act and furtherance of the common intent to commit a robbery. Therefore, the jury was thus informed of the necessity of a common intent and as to exactly what this intent must be. The instructions then, when read together, properly instructed the jury as to all the necessary elements of the offense and were therefore not erroneous.

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.