STATE of Missouri, Appellant,

v.

Jo Ann BOSHERS, Respondent.

No. WD 45884. ·

Missouri Court of Appeals,
Western District.

Feb. 16, 1993.

---

Brian D. Keedy, Asst. Pros. Atty., La-Clede County, Lebanon, for appellant.

Marcie W. Bower, Columbia, for respondent.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

SPINDEN, Judge.

The state filed an information in the associate division of the Laclede County Circuit Court[1] charging Jo Ann Boshers with three counts of animal neglect, a Class C misdemeanor. On the eve of trial, the trial court granted Boshers' motion to dismiss the case because the original information cited a repealed statute and failed to state an offense. The court also ruled that the

---

1. This case went through three changes of venue and four changes of judge—ultimately being decided in Morgan County.

statute of limitations had expired prior to the state's filing an amended information correcting the defects. The state appeals, and we affirm.

The state's information, filed on October 10, 1989, charged Boshers with three counts of animal neglect in violation of § 578.060, RSMo 1978. The General Assembly repealed § 578.060 in 1983. The information stated:

> [I]n violation of Section 578.060, RSMo, [Boshers] committed the class C misdemeanor of animal abuse and/or neglect, punishable upon conviction under Section 558.011 and 560.016, RSMo, in that on or about the 4th day of October, 1989, in the County of Laclede, State of Missouri, [Boshers] knowingly caused or had knowledge of animals that were not supplied with sufficient food and or water and failed to supply sufficient food and/or water to 23 horses, [38 dogs, 3 calves, and miscellaneous other animals], knowing that said animals would suffer for lack thereof[.]

The state later realized its error and asked the court for permission to amend the information. On July 1, 1991, the court granted the request. The state's amended information charged Boshers with violating § 578.009, RSMo 1986.[2] The amended information alleged:

> [I]n violation of Section 578.009, RSMo, [Boshers] committed the class C misdemeanor of animal neglect, punishable upon conviction under Sections 558.011.-1(7) and 560.016.1, RSMo, in that on or about the 4th day of October, 1989, in the County of Laclede, State of Missouri, [Boshers] had custody and ownership of horses, dogs, calves, chickens, ducks and geese, and failed to provide adequate care and adequate control for the animals in that [Boshers] failed to provide normal and prudent attention, food, clean water and health care to the animals as necessary to maintain the health of the animals and to reasonably restrain or govern the animals[.]

On January 29, 1992, Boshers filed a motion to dismiss. She alleged that the original information was fatally defective because it charged violation of a repealed statute. The trial court sustained the motion:

> Court finds that the original information did not state an offense due to faulty language and the fact that the supporting statute had been repealed some 6 years prior to the information filed in 1989. The original information was a nullity. The first and only valid information sufficient to charge the commission of an offense was filed on July 1, 1991. The information filed July 1, 1991, charged that defendant on or before October 4, 1989, committed a class C misdemeanor. Section 556.036(2) RSMo. requires that charges of misdemeanor [sic] must be filed within one year of the commission of the offense. Defendant's motion to dismiss sustained. Case Dismissed.

The state appeals the trial court's ruling. It contends that the original information was properly amended and that it was not so defective so as to require dismissal. The state also alleges that, even if the original information was defective, the statute of limitations was tolled from the time the original information was filed. We disagree.

The Supreme Court of Missouri addressed the issue of an information charging violation of a repealed statute in *State v. Thomas*, 438 S.W.2d 441, 443 (1969). The court stated:

> The original information did not state an offense because the supporting statute had been repealed. Filing the original information under a repealed statute was the same as if nothing in the nature of a complaint had been filed. That is to say, there was nothing before the court until the so-called amended information was filed; the first and only valid information sufficient to charge the commission of an offense was [the "amended" information.]

We conclude that when the state filed its original information citing a repealed stat-

---

2. Section 578.009 replaced § 578.060 in 1983.

ute it was as if no information had been filed at all. It was a nullity. Section 556.-036.6(3), RSMo 1986, provides, "The period of limitation does not run ... [d]uring any time when a prosecution against the accused for the offense is pending in this state." The original information did not state an offense because § 578.060 had been repealed, so no prosecution of an offense tolled the statute of limitations.

The state notes the Supreme Court's instruction, in *State v. LaPlant*, 673 S.W.2d 782, 783 (Mo. banc 1984), that "[a]n indictment or information is not necessarily insufficient simply because statutory references are omitted or the wrong statutes cited." That proposition does not aid the state in this case because the information did not omit the statute or cite the wrong statute; it cited a repealed statute.

The statute cited in the information, § 578.060, had been repealed and replaced with § 578.009 which added two elements not set out in the previous statute: custody or ownership of the animals, or both. We conclude, therefore, that the trial court correctly concluded that the original information's charging violation of § 578.060 rendered the information a nullity.

The state argues in the alternative that even an information which is so defective that it requires dismissal can still toll the statute of limitations. *State ex rel. Wickline v. Casteel*, 729 S.W.2d 56 (Mo.App. 1987); *State v. Bullington*, 680 S.W.2d 238 (Mo.App.1984); *State ex rel. Lodwick v. Cottey*, 497 S.W.2d 873 (Mo.App.1973). While this is true, it does not aid the state because the state had no information—it was a nullity. The state's information was not just defective; its charging violation of a repealed statute rendered it void. *Thomas*, 438 S.W.2d at 443. Nothing was before the court to toll the statute of limitations.

The judgment of the trial court is affirmed.

All concur.